UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 21-27(PAM/KMM)

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JASON ROBERT BURHAM KARIMI,

    Defendant.

**GOVERNMENT'S OMNIBUS RESPONSE TO DEFENDANT'S PRE-TRIAL MOTIONS**

Comes now the United States, by and through its attorneys, W. Anders Folk, United States Attorney for the District of Minnesota, and David P. Steinkamp, Assistant United States Attorney, and hereby submits the following response to the Defendant's pre-trial motions.

1. **Motion for Pretrial Disclosure of 404(b) Evidence. (Document 24).**

Defendant has moved for immediate disclosure of any Rule 404 evidence which the government intends to offer at trial. If the government determines it will seek to offer 404(b) evidence at trial, the attorney for the government will provide "reasonable notice in advance of trial, or during trial if the court excuses pre-trial notice for good cause shown." The government requests a period of not longer than 14 days before the actual trial date for disclosure of 404(b) materials.

2. **Motions for Disclosure of Favorable or Exculpatory Evidence and Rule 16 Material. (Documents 25 and 26).**

The government is aware of its obligations under *Brady v. Maryland*, 373 U.S. 83; 83 S. Ct. 1194 (1963), and its progeny, and it will continue to comply with those

obligations. Some of Defendant's motions for all potentially favorable evidence are over broad, and to the extent they seek materials which are not required to be disclosed under *Brady* and its progeny, the government opposes the motions. Some of the requests seek material for which discovery is not authorized, such as reports of interviews of witnesses, and in some instances is prohibited by the rules and statutes.

To the extent evidence exists which is both favorable to a Defendant and material to either guilt or punishment, the evidence will be disclosed to the Defendant.

To the extent the Defendant's requests comport with the provisions of Fed. R. Crim. P. 12, 16 and 26.2 and the provisions of *Brady* and *Giglio*, the government does not oppose the motion.

**4.     Motion for Early Disclosure of Jencks Act Material. (Document 27).**

With respect to the statements of witnesses who testify, including grand jury testimony, these will be produced pursuant to the provisions of the Jencks Act. *See United States v. Presser*, 844 F.2d 1275, 1283-85 (6th Cir. 1988); *United States v. Eisenberg*, 469 F.2d 156, 160 (8th Cir. 1972), *cert. denied*, 410 U.S. 992 (1973).

The Defendant seeks an order requiring the government to provide Jencks Act material at least 14 days prior to commencement of the trial. The government opposes the Defendant's motion since no authority exists for his position. The motion should be denied.

However, the government is willing to compromise. The government agrees to provide to the Defendant, 5 days prior to trial: the statements of witnesses who the government expects will testify at trial; impeaching material required to be disclosed by

*United States v. Giglio*, 405 U.S. 150 (1972); the criminal records, if any, of its witnesses; and trial promises or agreements between the government and its witnesses, if the Defendant agrees to reciprocate.

**5.      Expert Disclosure (Document 28).**

Defendant seeks immediate disclosure regarding any expert testimony the government intends to use at trial. At this time, the government has not determined, which, if any, experts it will use. However, the government agrees to provide expert disclosures and a written summary of the expert's anticipated testimony within 7 days of determining which experts it will use at trial, if any, and in any event, no later than 14 days prior to trial.

| | |
|---|---|
| Dated: May 6, 2021 | Respectfully Submitted, |
| | W. Anders Folk<br>Acting United States Attorney |
| | *s/ David P. Steinkamp* |
| | BY: DAVID P. STEINKAMP<br>Assistant U.S. Attorney<br>Attorney ID No. 178470 |