UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 21-27 (PAM)

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | PARTIES' JOINT STATEMENT |
| | ) | REGARDING CARES ACT |
| JASON ROBERT BURHAM KARIMI, | ) | |
| Defendant. | ) | |

Defendant Jason Robert Burham Karimi, by and through his attorney, Assistant Federal Defender Shannon Elkins, and the United States of America, by and through its attorneys, W. Anders Folk, Acting United States Attorney for the District of Minnesota and Assistant United States Attorney David P. Steinkamp, hereby respectfully submit their joint statement in support of findings for no further delay of Mr. Karimi's change of plea hearing under the Coronavirus Aid, Relief, and Economic Security ("CARES") Act, Section 15002(b)(2).

## Background

On March 27, 2020, Congress passed the CARES Act, Pub. L. No. 116-136, which allows federal courts that have been materially affected by the coronavirus outbreak to authorize the use of video teleconferencing for certain criminal proceedings. *Id.* § 15002. Specifically, felony plea and sentencing hearings may be conducted by video teleconference if (1) "the Judicial Conference of the United States finds that emergency conditions . . . with respect to the Coronavirus Disease 2019 (COVID-19) will materially affect the functioning of [ ] the federal courts," (2) the chief judge of a district finds that felony pleas and sentencings "cannot be conducted in person without seriously jeopardizing public health and

safety," and (3) "the district judge in a particular case finds for specific reasons that the plea or sentencing in that case cannot be further delayed without serious harm to the interests of justice." *Id.* § 15002(b)(2).

On March 29, 2020, the Judicial Conference made the required finding that emergency conditions due to COVID-19 will materially affect the functioning of the federal courts. *See Judiciary Authorizes Video/Audio Access During COVID-19 Pandemic* (Mar. 31, 2020), https://www.uscourts.gov/news/2020/03/31/judiciary-authorizes-videoaudio-access-during-covid-19.

On March 30, 2020, the Chief Judge for the District of Minnesota issued General Order No. 5, *In Re: Updated Guidance to Court Operations Under the Exigent Circumstances Created by COVID-19*, in which he found felony pleas and felony sentencings in the District of Minnesota "cannot be conducted in person without seriously jeopardizing public health and safety." The Chief Judge ordered:

> [I]f a judge in an individual case finds, for specific reasons, that a felony plea or sentencing in that case cannot be further delayed without serious harm to the interests of justice, the judge may, with the consent of the defendant after consultation with counsel, use video conferencing, or teleconferencing if video conferencing is not reasonably available, for the felony plea or sentencing in that case.

*Id.* ¶ 2.

In July 2020, the United States District Court – District of Minnesota developed a protocol for in-person hearings and resumed limited in-person hearings. *See Protocol for In-Person Hearings In the District of Minnesota*, https://www.mnd.uscourts.gov/sites/mnd/files/2020-0820_Protocol-for-In-Person-Hearings.pdf. Given several factors, including high COVID-19 infection rates across the state of Minnesota, with active COVID-

19 cases at record highs, on November 24, 2020, the Chief Judge for the District of Minnesota issued General Order No. 22, *In re Updated Guidance to Court Operations Under the Exigent Circumstances Created by COVID-19*. General Order No. 22 encouraged the use of video-conferencing in criminal proceedings and stated, "The Court will continue to hold criminal proceedings using videoconferencing, or telephone conferencing if videoconferencing is not reasonably available, when the defendant consents to appearing at the proceeding remotely." *Id.* ¶ 1. Pursuant to the Order, any such criminal proceedings that could not be conducted via video-conferencing were continued until January 31, 2021. *Id.* ¶ 2.

On January 28, 2021, the Chief Judge for the District of Minnesota issued General Order No. 25, *In Re: Updated Guidance to Court Operations Under the Exigent Circumstances Created by COVID-19*. See https://www.mnd.uscourts.gov/sites/mnd/files/2021-0128_COVID-19-General-Order-No25.pdf. Pursuant to General Order No. 25, any criminal proceedings that could not be conducted via video-conferencing were continued until March 14, 2021. *Id.* ¶ 2.

On February 12, 2021, the Chief Judge for the District of Minnesota issued General Order No. 26, *In Re: Updated Guidance to Court Operations Under the Exigent Circumstances Created by COVID-19*, in which the Chief Judge encouraged the further use of videoconferencing in criminal proceedings in light of the COVID-19 pandemic. *See* https://www.mnd.uscourts.gov/sites/mnd/files/2021-0212_COVID-19-General-Order-No26.pdf. Pursuant to General Order No. 26, any criminal proceedings that could not be conducted via video-conferencing were continued until May 2, 2021. *Id.* ¶ 2.

On April 29, 2021, the Chief Judge for the District of Minnesota issued General Order No. 28, *In Re: Updated Guidance to Court Operations Under the Exigent Circumstances Created by COVID-19*, in which the Chief Judge encouraged the continued use of videoconferencing in criminal proceedings to continue to protect public health, reduce the size of public gatherings, reduce unnecessary travel, and to respond to the COVID-19 outbreak. *See* https://www.mnd.uscourts.gov/sites/mnd/files/2021-0429_COVID-19-General-Order-No28.pdf.

Most recently, on May 2, 2021, the Chief Judge ordered that plea and sentencing hearings can be held by video conferencing. U.S. District Court, District of MN issues General Order No. 28 Re: Covid-19 Updates, Vacates Order No. 26.

## **The Parties' Agreement Regarding Reasons**

Because the Judicial Conference and the Chief Judge of the District of Minnesota have made the required findings under the CARES Act, and because Mr. Elmi and his counsel have agreed to appear by video-conference to proceed with the change-of-plea hearing, this Court need only find specific reasons that the change-of-plea hearing in this matter cannot be further delayed without serious harm to the interests of justice. The parties agree that those reasons include, among others, the following:

1. Mr. Karimi has been on pre-trial release since charged with this matter. Because of the COVID-19 pandemic, the federal courthouses have more limited ability to handle scheduling for in-person hearings. The government has imposed a settlement deadline of September 10, 2021. Mr. Karimi would like to accept the government's settlement offer. As such, Mr.Karimi would like to move forward with his case now rather

than later so he can resolve the matter without trial, currently scheduled for September 23, 2021.

2. In addition, Mr. Karimi is working and living in South Dakota. A change of plea by video conference will prevent unnecessary delay of procedures and will allow him the ability to remain in South Dakota and not risk contracting or unwittingly spread Covid-19 through interstate travel.

3. Finally, a video conference is preferable to an in-person hearing to minimize direct interactions that could introduce unnecessary risk of exposure to COVID 19.

Mr. Karimi has voluntarily consented to a video-conference change-of-plea hearing after consulting with his counsel and wishes to move forward with his case.

For all the foregoing reasons, the parties jointly and respectfully stipulate that this matter cannot be further delayed without serious harm to the interests of justice.

Dated: September 8, 2021           Respectfully Submitted,

s/ Shannon Elkins
SHANNON ELKINS,
Assistant Federal Defender
Attorney for Mr. Karimi

—and—

W. ANDERS FOLK
Acting United States Attorney

s/ David P. Steinkamp
By: DAVID P. STEINKAMP
Assistant United States Attorney