UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 21-27(PAM/KMM)

UNITED STATES OF AMERICA,

  Plaintiff,

v.

JASON ROBERT BURHAM KARIMI,

  Defendant.

**PLEA AGREEMENT AND SENTENCING STIPULATIONS**

The United States of America and Jason Robert Burham Karimi (hereinafter referred to as the "Defendant") agree to resolve this case on the terms and conditions that follow. This plea agreement binds only the Defendant and the United States Attorney's Office for the District of Minnesota. This agreement does not bind any other United States Attorney's Office or any other federal or state agency.

1. **Charges**. The Defendant agrees to plead guilty to Count 1 (Threatening Interstate Communications) in violation of 18 U.S.C. Section 875(c).

2. **Factual Basis**. The Defendant agrees to the following factual basis:

On January 11, 2021, the Defendant called the office of a United States Congressional Representative (hereafter Victim A) located in California using a cell phone. The Defendant stated: "Hi (name of Victim A) I want you to be as scared as possible, terrified and shitting your pants with your child raping brother, we're coming for ya', we're going to fuck you up and we are going to cause you pain in every way possible you're house being vandalized, that was quite unfortunate but it wasn't far enough, so we're going

SCANNED
SEP 0 9 2021
U.S. DISTRICT COURT ST. PAUL

to end all political power you have make it so you can't even walk in anything but a wheelchair." The Defendant agrees that he left the message knowing it would cause fear and be viewed as a threat.

Defendant further agrees that he used a cellular telephone to make the call from Minnesota to California, and therefore agrees that the threatening communications he made traveled in, and affected, interstate commerce. Accordingly, the Defendant agrees that he is guilty of making threatening communications, in, and affecting, interstate commerce, in violation of Title 18, United States Code, Section 875(c).

3. **Statutory Penalties**. The parties agree that Count 1 of the Indictment carries statutory penalties of:

    a. a maximum of 5 years' imprisonment;
    b. a supervised release term of not more than 3 years;
    d. a fine of up to $250,000;
    e. a mandatory special assessment of $100;

4. **Revocation of Supervised Release**. The Defendant understands that if he were to violate any condition of supervised release, the Defendant could be sentenced to an additional term of imprisonment up to the length of the original supervised release term, subject to the statutory maximums set forth in 18 U.S.C. § 3583.

5. **Guideline Calculations**. The parties acknowledge that Defendant will be sentenced in accordance with 18 U.S.C. § 3551, *et seq*. Nothing in this plea agreement should be construed to limit the parties from presenting any and all relevant evidence to the Court at sentencing. The parties also acknowledge the Court will consider the United

States Sentencing Guidelines (hereinafter "U.S.S.G.") in determining the appropriate sentence and stipulate to the following guideline calculations:

a. <u>Base Offense Level</u>. The parties agree that the base offense level for Count 1 of the Indictment is 12. U.S.S.G. § 2A6.1(a)(1).

b. <u>Specific Offense Characteristics</u>.  The parties agree that the Defendant's actions involve a single instance, evidencing little or no deliberation, reducing the offense level by 4 levels to 8. U.S.S.G. § 2A6.1(b)(6).

c. <u>Chapter Three Adjustments</u>.  The parties agree Victim A was an "official victim" increasing the base offense level by 6 levels to 14. U.S.S.G. § 3A1.2(b)(6).

d. <u>Acceptance of Responsibility</u>: The parties agree that if Defendant (1) provides full, complete and truthful disclosures to the United States Probation and Pretrial Service Office, including providing complete, accurate and truthful financial information; (2) testifies truthfully during the change of plea and sentencing hearings; (3) complies with this agreement; and (4) undertakes no act inconsistent with acceptance of responsibility before the time of sentencing, the government agrees to recommend that Defendant receive a 3-level reduction for acceptance of responsibility under U.S.S.G. §3E1.1(a), and to move for an additional one-level reduction under §3E1.1(b). Whether there will be a reduction for acceptance of responsibility shall be determined by the Court in its discretion.

e. <u>Total Adjusted Offense Level</u>. Taking into account the above acceptance adjustment, the Defendant's total adjusted offense level as to Count 1 of the Indictment is 11.

f. <u>Criminal History Category</u>.  Based on the information currently available to the parties, it appears Defendant should be assigned to criminal history category II. Defendant's actual criminal history will be determined by the Court based on the information presented in the presentence investigation and by the parties at the time of sentencing.

g. <u>Guideline Range</u>. If Defendant's adjusted offense level is 11 and his criminal history category is II, the advisory Guideline range for Count 1 is 10-16 months' imprisonment.

      h.      <u>Fine Range</u>. If the total offense level is 11, the fine range is $4,000 to $40,000. U.S.S.G. § 5E1.2.

      i.      <u>Supervised Release</u>. The supervised release term is 1 to 3 years. U.S.S.G. § 5D1.2(a).

      j.      <u>Sentencing Recommendation and Departures</u>. The parties are free to seek departures or variances from the applicable guideline range.

6.    **Special Assessment.** The Guidelines require payment of a special assessment in the amount of $100.00 at the time of sentencing.

7.    **Waivers of Appeal.** The defendant understands that 18 U.S.C. Section 3742 affords him the right to appeal the sentence imposed in this case. Acknowledging this right, and in exchange for the concessions made by the United States in this plea agreement, the defendant hereby waives all rights conferred by 18 U.S.C. Section 3742 to appeal defendant's sentence, unless the sentence exceeds 10 months. In addition, the defendant expressly waives the right to petition under 28 U.S.C. Section 2255 but reserves the right to raise the issue of ineffective assistance of counsel. The defendant has discussed these rights with his attorney. The defendant understands the rights being waived, and he waives these rights knowingly, intelligently, and voluntarily.

8.    **Complete Agreement.** This, along with any agreement signed by the parties before entry of plea, is the entire agreement and understanding between the United States and the Defendant.

Date: 09/08/2021

W. Anders Folk
Acting United States Attorney

David P. Steinkamp
_____
David P. Steinkamp
Assistant U.S. Attorney

Date: 9-8-2021

_____
Jason Robert Burham Karimi
Defendant

Date: 9-8-2021

_____
Shannon Elkins
Assistant Federal Defender